**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SYNCORA GUARANTEE INC., fka XL CAPITAL ASSURANCE INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1016 (RBW) |
| FEDERAL DEPOSIT INSURANCE CORPORATION as Conservator for INDYMAC FEDERAL BANK, F.S.B. and as Receiver for INDYMAC BANK, F.S.B., | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

The plaintiff, Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc. ("Syncora"), brings this action against the defendant, the Federal Deposit Insurance Corporation ("FDIC") as Conservator for IndyMac Federal Bank, F.S.B. and as Receiver for IndyMac Bank, F.S.B. ("IndyMac"), alleging that the defendant breached its representations and warranties and otherwise failed to abide by the parties' agreements resulting in IndyMac's indebtedness to Syncora in the amount of $143,458,216 and other such additional amounts the plaintiff believes may be established at trial. Complaint ("Compl.") ¶ 35. In Court I of the complaint, which asserts a breach of contract claim, the plaintiff seeks recovery for reasonable attorney's fees and costs incurred by the plaintiff in enforcing or preserving its rights under or relating to their contractual agreement, plus prejudgment interest. Id. ¶¶ 34-36. In Count II of the complaint, which asserts a specific performance claim, the plaintiff seeks production of documents the plaintiff believes are necessary to determine the extent to which IndyMac may have breached

any representations and warranties alleged in its breach of contract claim.  Id. ¶¶ 37-44.  Currently before the Court is the defendant's motion to dismiss Count II of the plaintiff's complaint.  See Defendants', Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank FSB and as Conservator for IndyMac Federal Bank FSB, Motion to Dismiss Plaintiff's Complaint ("Defs.' Mot."); Memorandum and Points of Authorities in Support of Defendants', Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank FSB and as Conservator for IndyMac Federal Bank FSB, Motion to Dismiss Plaintiff's Complaint ("Defs.' Mem.") at 3.[1]  The plaintiff opposes the motion.  See Memorandum of Points and Authorities of Plaintiff Syncora Guarantee, Inc. in Opposition to the Motion of Defendant, Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank FSB and as Conservator for IndyMac Federal Bank FSB, to Dismiss Plaintiff's Complaint ("Pl.'s Opp'n").  Upon consideration of the parties' filings, the Court must grant the defendant's motion to dismiss Count II of the plaintiff's complaint under Rule 12(b)(6) because it "fail[s] to state a claim upon which relief can be granted[.]"[2]  Fed. R. Civ. P. 12(b)(6).

The defendant's motion to dismiss the plaintiff's claim for specific performance is premised on the defendant's position that the Court lacks subject matter jurisdiction over this claim under 12 U.S.C. § 1821(j) (2006), because the plaintiff allegedly failed to exhaust its administrative remedies, Defs.' Mem. at 9-13, and failed to state a claim upon which relief can

---

[1] The Court also considered the following documents in ruling on the motion addressed in this Order: the plaintiff's Complaint ("Compl."); and the Reply in Support of Defendants', Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank FSB and as Conservator for IndyMac Federal Bank FSB, Motion to Dismiss Plaintiff's Complaint ("Defs.' Reply").

[2] The Court declines to evaluate the merits of the defendant's other arguments at this time.

2

be granted, id. at 14-15.[3]  The plaintiff asserts that 12 U.S.C. § 1821(j) does not bar the Court from awarding specific performance, Pl.'s Opp'n at 4-9, that it exhausted all available administrative remedies, id. at 9-12, that it has sufficiently pled entitlement to specific performance, id. at 12-16, and that the defendant's motion to dismiss is an improper effort to delay adjudication on the merits of the plaintiff's claims, id. at 16-17.

It is clear from the plaintiff's complaint that the remedy it ultimately seeks is money damages for IndyMac's alleged breach of contract, and therefore the plaintiff's claim for specific performance is merely a means designed to achieve that ultimate objective.  Compare Compl. at 17 (requesting "damages in the amount of $176,311,593 or such additional amounts as are proved at trial"), with id. ¶ 41 (pleading in Count II that Sycora has been denied contractual rights and "cannot determine the extent to which IndyMac may have breached any representations and warranties" that are the subject of Count I).  See also Pl.'s Opp'n at 4 ("[T]he documents and information [requested in Count II] may be provided through the customary discovery provisions of the Federal Rules of Civil Procedure [with respect to Count I].")  Indeed, as the defendant correctly argues, the plaintiff's claim for specific performance appears to merely be an improper attempt to circumvent the established rules of discovery by framing what is actually a request for discovery material that the plaintiff is otherwise entitled to receive in conjunction with its prosecution of Count I,[4] see Pl.'s Opp'n at 3-4 ("[E]ven if Syncora's specific performance count is dismissed, Syncora will seek, and is entitled to received, the exact information it has repeatedly requested through ordinary course discovery in this action under Federal Rules of Civil Procedure 26, 33, 34, etc."), a ploy which the Court cannot condone.

---

[3] Despite these arguments, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because the action is between parties who are citizens of different states and the amount in controversy clearly exceeds $75,000. Compl. 1-2, 4.

[4] If the Court allowed Count II to proceed in this manner, every future plaintiff would likely attempt to preempt the discovery procedures by alleging a specific performance claim.

Therefore, because the ultimate objective of this action is the recovery of monetary damages, and achieving success on Court I of the complaint will not achieve that goal, the Court agrees that Count II cannot be maintained.  Accordingly Count II will be dismissed and the plaintiff must seek the documents requested in Count II through proper discovery mechanisms set forth in the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss the plaintiff's claim for specific performance of document production in this case is **GRANTED**.

**SO ORDERED** this 28th day of December, 2009.

_____/s/_____
Reggie B. Walton
United States District Judge